**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID M. HENDY,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-4324-18-0228-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: May 2, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

David M. Hendy, Chicago, Illinois, pro se.

Zane Perry Schmeeckle, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective June 8, 2016, the appellant resigned from the Industrial Hygienist position at the agency's Edward Hines, Jr. Veterans Affairs Hospital because of "ongoing medical care for service[-]connected medical conditions and a number of appointments." Initial Appeal File (IAF), Tab 4 at 16, 18, 20. He subsequently applied for a number of positions at the agency, but he was not selected. On October 25, 2017, the appellant filed with the Department of Labor (DOL) a USERRA complaint raising allegations of a failure to reinstate, discrimination based on a military disability, and a hostile work environment. IAF, Tab 1 at 1-2. In a letter dated January 19, 2018, DOL informed the appellant that it had completed its investigation of his USERRA complaint and had determined that his allegations were not supported by the evidence. *Id*.

The appellant thereafter filed an appeal with the Board, which was docketed by the regional office as a USERRA appeal.[2] IAF, Tab 1. In a jurisdictional order, the administrative judge informed the appellant that the Board may lack jurisdiction over his appeal. IAF, Tab 3 at 1. She apprised the appellant of his burden of proving the Board's jurisdiction over a USERRA appeal and she ordered him to file evidence and argument on the issue. *Id*. at 2-7. The appellant did not respond.

Based on the written record, the administrative judge issued an initial decision dismissing this USERRA appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1, 5. Specifically, she found that the appellant failed to make a nonfrivolous allegation that the agency took an action against him that was motivated by his military status. ID at 3-5.

The appellant has filed a petition for review, and he has included supplemental documentation. Petition for Review (PFR) File, Tabs 7-14. The

[2] Based on the appellant's submission, the administrative judge also docketed a separate appeal under the Veterans Employment Opportunities Act of 1998, *Hendy v. Department of Veterans Affairs*, MSPB Docket No. CH-3330-18-0110-I-1. IAF, Tab 5 at 2 & n.1.

agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.[3]  PFR File, Tabs 18, 20.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's burden in a USERRA appeal</u>

There are two types of USERRA cases—reemployment cases under 38 U.S.C. §§ 4312-4318 and discrimination cases under 38 U.S.C. § 4311(a)-(b). *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 5 (2015).  An appellant must make nonfrivolous allegations of Board jurisdiction over a USERRA claim.  5 C.F.R. § 1201.57(b).  The Board takes a "liberal approach in determining whether jurisdiction exists under USERRA."  *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014) (quoting *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998)).  The relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim should not serve as the basis for dismissing the appeal for lack of jurisdiction; rather, if he fails to develop those allegations, his USERRA claim should be denied on the merits.  *Beck*, 120 M.S.P.R. 504, ¶ 8.  Once an appellant has established the Board's jurisdiction over his USERRA claim, he has a right to a hearing on the merits of his claim.  *Id.*, ¶ 10; *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

<u>We will consider the appellant's evidence and argument regarding jurisdiction on review because he did not have sufficient jurisdictional notice below.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed.

---

[3] The appellant has filed motions to waive the deadlines for filing his petition for review and his reply brief.  PFR File, Tabs 15, 19.  We find that the appellant's petition and reply were both timely filed, and therefore no waiver is required.  Accordingly, we deny the appellant's motions.

Cir. 1985). In this case, the administrative judge dismissed the appeal for lack of jurisdiction after the appellant failed to respond to her jurisdictional order. ID at 1, 3-5. In his petition for review, however, the appellant claims that he did not receive proper jurisdictional notice because the jurisdictional order was served on an incorrect mailing address. PFR File, Tab 7 at 5, 7-8, 19-22. The agency does not dispute the appellant's claim that the jurisdictional order was served on an incorrect mailing address. PFR File, Tab 18 at 5, 9. Moreover, the certificates of service for the acknowledgment order, the jurisdictional order, the agency's response to the jurisdictional order, and the initial decision all contain the same allegedly incorrect mailing address for the appellant. IAF, Tab 2 at 17, Tab 3 at 9, Tab 4 at 21, Tab 6. Thus, we conclude that the appellant did not receive proper jurisdictional notice below, and we will therefore consider the evidence and argument that he has filed on review. *See Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶¶ 8-9 (2004).

The appellant has proven exhaustion of his administrative remedies before DOL.

An appellant may either file a USERRA complaint with the Secretary of Labor pursuant to 38 U.S.C. § 4322 or file an appeal directly with the Board pursuant to 38 U.S.C. § 4324(b). *Gossage*, 118 M.S.P.R. 455, ¶ 8. If, as here, an appellant first files a USERRA complaint with the Secretary of Labor under 38 U.S.C. § 4322, he may not file a USERRA appeal with the Board until the Secretary notifies him that DOL has not resolved the complaint. 38 U.S.C. § 4324(b)(2); *Gossage*, 118 M.S.P.R. 455, ¶ 8; 5 C.F.R. § 1208.11(b). USERRA does not provide for exhaustion of the complaint before DOL as a matter of time; it instead requires notification from DOL that the Secretary's efforts did not resolve the appellant's complaint. 38 U.S.C. § 4324(b)(2); *Gossage*, 118 M.S.P.R. 455, ¶ 8. Thus, under 38 U.S.C. § 4324(b)(2), the Board does not acquire jurisdiction over an appellant's USERRA claim until he receives the required notification from DOL. 38 U.S.C. §§ 4322(e), 4324(b)(2); *Gossage*, 118 M.S.P.R. 455, ¶ 8. Here, it is undisputed that the appellant's submission of

the DOL close-out letter satisfies the USERRA exhaustion requirement. IAF, Tab 1 at 1-2; *see* 5 C.F.R. § 1201.57(c)(1) (providing that an appellant bears the burden of proving by preponderant evidence exhaustion of a statutory complaint process that is preliminary to a Board appeal).

The appellant has failed to establish jurisdiction over a USERRA reemployment claim.

In his petition for review, the appellant alleges that the agency violated his right to reemployment under 38 U.S.C. § 4312 and various regulatory provisions found at 5 C.F.R. part 353 by failing to reemploy him after he resigned. PFR File, Tab 7 at 8-10, 14, 20-22.

USERRA provides reemployment rights to "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services." 38 U.S.C. § 4312(a). An appellant must allege that an agency has not met its reemployment obligations under 38 U.S.C. §§ 4312-4318 following his absence from civilian employment to perform uniformed service. *Bostwick*, 122 M.S.P.R. 269, ¶ 5.

A person's entitlement to reemployment rights is dependent on, among other things, whether the person "has given advance written or verbal notice of [uniformed] service" to the employer. 5 U.S.C. § 4312(a). Here, the appellant admits that the reason for his resignation was not to perform uniformed service, but was to treat service-connected injuries. IAF, Tab 4 at 16; PFR File, Tab 7 at 9-10, 13-14, 24, Tab 9 at 5. Because the appellant concedes that he did not resign due to uniformed service, and his resignation letter does not satisfy the notice requirement in section 4312(a), the appellant has failed to nonfrivolously allege that the agency had any reemployment obligations. Therefore, he has failed to meet his burden in a USERRA reemployment claim. *See, e.g.*, *Bostwick*, 122 M.S.P.R. 269, ¶¶ 8-9 (interpreting the USERRA reemployment provisions as requiring that an individual's absence from a position of employment be necessitated by reason of service in the uniformed services); *Duncan v. U.S.*

*Postal Service*, 73 M.S.P.R. 86, 90 (1997) (finding that the USERRA provision on reemployment rights did not apply to the appeal when the appellant left his position because of his disability retirement and not by reason of military service), *overruled on other grounds by Fox v. U.S. Postal Service*, 88 M.S.P.R. 381 (2001).

The appellant has established jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a).

The appellant further alleges on review that the agency discriminated against him under 38 U.S.C. § 4311(a). PFR File, Tab 7 at 20. To establish jurisdiction over a USERRA discrimination claim under section 4311(a), an appellant must nonfrivolously allege that (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States, (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment, and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Gossage*, 118 M.S.P.R. 455, ¶ 10. Here, it is undisputed that the appellant has satisfied the first two jurisdictional elements described above. Specifically, the record shows that the appellant received an honorable discharge from active-duty service with the U.S. Army in 1979, and the agency does not dispute that it did not hire or rehire him following his resignation. IAF, Tab 4 at 13, 20. Thus, the relevant question here is whether the appellant has made a nonfrivolous allegation that his prior uniformed service was "a substantial or motivating factor" in the agency's decision not to hire or rehire him. *Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1379-80 (Fed. Cir. 2017).

After considering the appellant's petition for review, we find that he has nonfrivolously alleged that his prior uniformed service was a motivating factor in the agency's decision not to select him for any positions. Specifically, the appellant asserts that a Human Resources Officer (HRO) deceived him, deliberately failed to advise him of his reinstatement rights, and falsely portrayed

the relevant hiring authority for a vacancy announcement—which led to him not being selected for any positions to which he had applied—because the HRO disliked and resented his uniformed service; the appellant also alleges that the agency discriminated against him based on his uniformed service when, on December 5, 2017, a nonveteran was hired for the position that he previously held. PFR File, Tab 7 at 6-7, 11-12, 14. We find, based on these allegations, that the appellant made a nonfrivolous allegation of jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a). *See, e.g.*, *Beck*, 120 M.S.P.R. 504, ¶ 9 (finding jurisdiction over the appellant's USERRA claim that his nonselection was due to his prior military service and that his qualifications were superior to the nonveteran selectee); *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 9 (2010) (finding jurisdiction over the appellant's USERRA appeal when he alleged that the agency denied his application to be reemployed in a position that he previously held, in part, because of his prior uniformed service); *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 10 (2009) (finding that the appellant's claim that he was terminated during his probationary period because "agency officials didn't like the fact" of his military service was sufficient to constitute a nonfrivolous allegation of a USERRA violation).

Although unclear, it appears that the appellant is also asserting a USERRA discrimination claim based on his service-connected conditions. PFR File, Tab 7 at 10, 15-17. However, such a claim is not cognizable under USERRA. *See, e.g.*, *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013) (finding that a claim of discrimination based on a disability arising from military service is not cognizable under USERRA); *Ray v. Department of Veterans Affairs*, 84 M.S.P.R. 108, ¶ 3 (1999) (noting that a claim of discrimination based on a military-connected disability was a claim of disability discrimination, not a claim covered under USERRA).

<u>The appellant has established jurisdiction over a USERRA retaliation claim under 38 U.S.C. § 4311(b).</u>

The appellant also alleges on review that the agency retaliated against him under 38 U.S.C. § 4311(b). PFR File, Tab 7 at 20. Under section 4311(b):

> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b). If an appellant engages in one or more forms of the protected activity described above, an agency violates section 4311(b) if his protected activity "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of [his protected activity]." 38 U.S.C. § 4311(c)(2); *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 7 (2013). Thus, to establish jurisdiction over a USERRA retaliation claim under section 4311(b), an appellant must nonfrivolously allege that he engaged in protected activity (as described in section 4311(b)) and that such protected activity was a motivating factor in the agency's action.

The appellant alleges on review that the agency discriminated in employment against him, i.e., did not hire or rehire him, in reprisal for taking an action to enforce a protection afforded under USERRA, assisting or otherwise participating in a USERRA investigation, and exercising a right provided for by USERRA. PFR File, Tab 7 at 20, 27. Specifically, the appellant alleges that, after complaining on October 21, 2017, to Human Resources and an office director that the agency was discriminating against him and violating his USERRA rights, he was not selected for a position on December 5, 2017.[4] PFR File, Tab 7 at 19. The appellant's statement suggests that his complaints motivated the agency's decision not to select him. Coupled with the

---

[4] It is unclear whether these complaints were made in conjunction with the appellant's October 25, 2017 DOL complaint. IAF, Tab 1 at 1.

liberal pleading standard afforded to such claims at the jurisdictional stage, *Beck*, 120 M.S.P.R. 504, ¶ 8, we find that the appellant has met his burden to make a nonfrivolous allegation of jurisdiction over his USERRA retaliation claim.

We have also considered the appellant's assertion that he engaged in protected USERRA activity by resigning to treat his service-connected injuries and by exercising a right to reemployment, which led to the agency's decision not to select him for any positions. PFR File, Tab 7 at 9-10, 22; *see Hayden v. Department of the Air Force*, 812 F.3d 1351, 1354-55, 1362-63 (Fed. Cir. 2016) (considering the appellant's efforts to enforce his USERRA reemployment rights following his return from military service as part of the analysis of his USERRA retaliation claim). However, as discussed above, the appellant has failed to nonfrivolously allege that he was entitled to reemployment rights as a "person whose absence from a position of employment [was] necessitated by reason of service in the uniformed services." 38 U.S.C. § 4312(a); *see supra* ¶¶ 13-14. Because the appellant did not make a nonfrivolous allegation that he was entitled to USERRA reemployment rights, we find that his resignation and efforts to be hired or rehired do not constitute activity protected by section 4311(b).

The administrative judge should consider on remand whether the appellant's remaining claims are relevant to his USERRA discrimination or retaliation claims.

The Board's authority in pure USERRA cases involving personnel actions that are not otherwise appealable to the Board is limited to determining whether the agency has violated USERRA. *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, ¶ 12 (1999); *see Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 10 (2001) (observing that, in USERRA appeals, the Board may review only claims that an agency has failed or refused, or is about to fail or refuse, to comply with certain USERRA provisions). Thus, the USERRA statute

does not confer jurisdiction on the Board to address an agency's underlying personnel action when the merits of that action are not otherwise appealable to the Board. *Wooten v. Department of Veterans Affairs*, 102 M.S.P.R. 131, ¶ 13 (2006).

On review, the appellant raises the following additional claims against the agency: (1) harmful error; (2) prohibited personnel practices; (3) due process violations; (4) disability and age discrimination; (5) violations of certain statutory and regulatory provisions in its recruitment and selection procedures (set forth at 5 U.S.C. chapter 33 and 5 C.F.R. part 332); (6) violation of his restoration rights under 5 C.F.R. part 353, based on a compensable injury; (7) violation of his veterans' preference rights; and (8) violations of 5 C.F.R. §§ 315.201, 315.401, 352.208, and Executive Order 5396. *E.g.*, PFR File, Tab 7 at 5-6, 8-9, 13-15, 17-18, 20-21, 23-26, 28, Tab 8 at 6, Tab 20 at 6-8, 11, 14, 25-26. Based on the current record, we are unable to determine whether the consideration of such claims is necessary, if at all, to adjudicate the appellant's USERRA discrimination or retaliation claims. *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶¶ 12-15 (2011) (finding jurisdiction over the appellant's USERRA retaliation claim based on his assertion that he exercised his right as a disabled veteran to leave without pay under Executive Order 5396); *but see Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001) (finding the Board's jurisdiction does not extend beyond the complained-of discrimination because of military status, does not allow for a decision on the merits of the underlying matter except to the extent necessary to address the appellant's military-status discrimination claims, and, thus, does not include a review of other claims of prohibited discrimination). On remand, the administrative judge should determine in the first instance whether any of the appellant's additional claims are relevant to his USERRA discrimination or retaliation claims. To the extent the appellant believes that any of the documentation that he submitted on

review is relevant to the merits of his USERRA discrimination or retaliation claims, he may resubmit such documentation on remand.

The appellant is entitled to engage in discovery on remand.

The appellant has made a request to engage in discovery. PFR File, Tab 7 at 13. The Board's regulations make no provision for discovery during the petition for review process, *Mosby v. Department of Housing and Urban Development*, 114 M.S.P.R. 674, ¶ 4 (2010), and we deny this request. The record reflects that the administrative judge granted the appellant 30 days from the date of the acknowledgment order to initiate discovery; however, the order was sent to the same incorrect mailing address as the jurisdictional order. IAF, Tab 2 at 3, 17, Tab 3 at 9. Moreover, the administrative judge issued the initial decision before the expiration of that deadline and, thus, the administrative judge deprived the appellant of the full opportunity for discovery. IAF, Tab 2 at 3; ID at 1; *see Lynch v. Department of Defense*, 114 M.S.P.R. 219, ¶ 8 (2010) (finding that, by issuing the initial decision before the close of the discovery period, the administrative judge effectively denied the appellant the opportunity to finalize his discovery efforts). Accordingly, the administrative judge shall provide the parties with an opportunity to engage in discovery on remand.

The appellant's remaining arguments do not warrant a different outcome.

We decline to address the appellant's claims regarding a violation of Veterans Employment Opportunities Act of 1998 (VEOA) and equitable tolling, *e.g.*, PFR File, Tab 7 at 16, 23, Tab 20 at 5, 10, because such claims are not relevant to the jurisdictional issue in this matter.

We also decline to consider the appellant's new argument and evidence regarding his alleged nonselection in 2018 for an Industrial Hygienist Green Environmental Management Systems Coordinator position advertised under vacancy announcement HN-10151155-18-BM. *E.g.*, PFR File, Tab 7 at 12, 19, Tab 20 at 6-11, 15, 18-20. This vacancy announcement is the subject of *Hendy v.*

*Department of Veterans Affairs*, MSPB Docket No. CH-3330-18-0514-I-1, and *Hendy v. Department of Veterans Affairs*, MSPB Docket No. CH-4324-18-0541-I-1.

Further, we deny the appellant's request to join this USERRA appeal with his other Board appeals because doing so would not expedite processing of the cases.  PFR File, Tab 7 at 22-23, Tab 20 at 5; 5 C.F.R. § 1201.36(b).  In addition, we deny the appellant's request for a stay.  PFR File, Tab 7 at 29.

## ORDER

For the reasons described herein, we vacate the initial decision and remand the case to the regional office for further adjudication on the merits of the appellant's USERRA discrimination and retaliation claims.  On remand, the administrative judge shall provide the parties an opportunity to engage in discovery and shall provide the appellant with his requested hearing.

FOR THE BOARD:                        _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.